```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

              Case No. 08-61881-Civ-DIMITROULEAS/SNOW
```

BARBARA MUHAMMAD,

      Plaintiff,

      v.

COSTA CROCIERE, S.p.A.,
d/b/a COSTA CRUISE LINES,

      Defendant.
_____/

## ORDER

      THIS CAUSE is before the Court on the Plaintiff's Motion to Compel Request for Production #1-#2 (Docket Entry 64), which was referred to United States Magistrate Judge Lurana S. Snow.

      The scheduling order set the deadline for discovery for January 11, 2010.  On December 23, 2009, the plaintiff served two requests for production on the defendant, based on information she stated she received during the December 17, 2009, deposition of the defendant's corporate representative.  On December 29, 2009, the plaintiff filed a motion to require the defendant to respond to the discovery requests within seven days. (DE 37) Also on December 29, 2009, the defendant filed a motion for a 30-day extension of the discovery deadline. (DE 38) The Court granted the defendant's motion to the extent that the discovery deadline was reset to January 25, 2010. (DE 51) The undersigned denied the plaintiff's request for expedited discovery responses. (DE 53)

      At the outset, the defendant asserts that the discovery requests were served only a few weeks before the January 11, 2009, discovery deadline, and that pursuant to S.D.Fla.R. 26.1.F.2, the

defendant is not required to respond to discovery requests made less than 30 days prior to the discovery deadline.  However, since at the defendant's request the discovery deadline was extended to January 25, 2010, the Court will not deny the motion to compel based on S.D.Fla. R 26.1.F.2.

Document request 1 seeks "Any and all minutes for all general staff meetings which occurred from the beginning of the subject voyage through the date on which these documents are produced. (Staff Captain Nicolo Albo testified about the general staff meetings in deposition taken in this case on December 17, 2009)."  The defendant responded,

> Defendant objects to Plaintiff's request for "all minutes of all general staff meetings" from December 2007 until present on the basis that said request has no application to the facts of the instant case; moreover, the request is overbroad, highly burdensome, harassing and extends to matters that are immaterial and irrelevant to the subject case. Furthermore, Plaintiff's request as framed is insufficiently limited in subject matter inquiry.

> Document request 2 seeks

> Any and all meeting minutes for the safety meetings which occur once every two months from the date on which the subject voyage started through the date on which these documents are produced.  This request is for the safety meeting, as opposed to general staff meetings.  Staff Captain Nicolo Albo testified about the safety meeting taken in deposition in this case on December 17, 2009.

> The defendant responded

> Defendant objects to Plaintiff's request for "all minutes of safety meetings" from December 2007 until present on the basis that said request has no application to the facts of the instant case; moreover, the request is overbroad, highly burdensome, harassing and extends to matters that are immaterial and irrelevant to the subject case.

The motion to compel asserts that the staff meetings and the safety meetings are where problems, such as those experienced at the time of this accident, are discussed.  Evidence of subsequent accidents, so long as they are not too remote in time, is admissible to show the dangerous character of a place. <u>Glanzberg v. Kauffman</u>, 788 So.2d 252 254, (Fla. 4th DCA 2000); <u>Chambers v. Loftin</u>, 67 So.2d 220 (Fla. 1953).

The defendant's response to the motion argues that the plaintiff's March 17, 2009, document request 47 sought the minutes of the Captain's meetings related to the Lido deck from a year prior to the accident through the end of the subject voyage.  These records were produced pursuant to a letter of agreement between the parties, which formed the basis of the Court's order compelling production. The March 17, 2009, document request 46 sought safety meeting minutes for the period from a year prior to the accident through the end of the subject voyage. The letter of agreement did not include request 46, and the Court did not compel production to request 46.  The defendant's response asserts that the plaintiff now seeks the same reports for a different time period, in violation of the earlier agreement.

3

The plaintiff's reply contends that the prior letter of agreement was for prior discovery requests and cannot be extended to new discovery requests. The plaintiff again states that the existence of minutes of the safety meetings were only disclosed at Captain Alba's deposition.

The Court notes that the defendant's response to the motion cites the portion of the Court's Order (DE 53, denying the plaintiff's motion to shorten the time for a response) which listed the defendant's various arguments in opposition to that motion. The defendant suggests that the Court's Order adopted the defendant's argument that the plaintiff is now trying to change the previous agreement. However, the Order clearly did not adopt or ratify that argument. The Court finds that the June 12, 2009, letter of agreement specifically referred to numbered document requests in the March 17, 2009, request for production of documents. (DE 21-2). By its terms, this agreement does not apply to any other discovery request.

In briefing the instant motion, and in opposing the plaintiff's motion for expedited responses the December 22, 2009, discovery requests, the defendant discussed the March 17, 2009, request number 46 for minutes of safety meetings. The defendant contends that, in light of request 46, the plaintiff's discovery of the existence of the minutes of safety meetings could not have been recent. The plaintiff does not discuss why she asked for safety

4

meeting minutes in March 2009, if she just discovered their existence in December 2009.  However, the Court's review of the record reveals that in November 2009, the defendant produced safety meeting minutes in response to the prior Order compelling document production for request 67.[1]

The Court finds that, in light of the extension of the discovery deadline granted at the defendant's request, the document requests were no longer untimely. The requested documents are relevant. Glanzberg; Chambers. The requests are not covered by the June 12, 2009, letter of agreement.  The defendant has already produced such documents, minutes of both the staff meetings and the safety meetings, for a different time period. According to the letter of agreement, the previous production was limited to two years, and the request was modified to add at the end of the

---

[1]   On March 17, 2009, the plaintiff requested

> 67. Any and all minutes to the monthly safety meeting held onboard the subject vessel at any time within one year before the subject accident.  In *Azzaro v. RCCL*, 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 06-3034 CA 08, Facilities Manager Robert Bardness in deposition November 7, 2007, testified that such meetings were held and that minutes were created and typed.

Since Azaaro apparently involved a different cruise line, the request is not evidence that the plaintiff knew the defendant held such meetings or kept minutes of them. The Court granted the plaintiff's motion to compel production in response to request 67, pursuant to the letter of agreement, which included limits on the scope of the production.  In November 2009, the defendant produced documents responsive to document request 67. (DE 46-5)

requesting sentence "in regard to maintenance, safety, and/or falls on the ninth deck outdoor area, and maintenance and repair of ice machines which would include the machine adjacent to where the accident occurred in this case." (DE 46, p. 5)

Accordingly, the Court will grant the motion to compel production in response to document requests 1 and 2, with the same limitations previously negotiated between the parties for the March 17, 2009, requests. With the Court being advised it is hereby

ORDERED AND ADJUDGED that the motion is GRANTED. The defendant shall, within 20 days of the date of this Order, produce documents responsive to document requests 1 and 2, limited to two years after the accident, and limited to minutes reflecting the maintenance, safety, and/or falls on the ninth deck outdoor area, and maintenance and repair of ice machines which would include the machine adjacent to where the accident occurred in this case.

DONE AND ORDERED at Fort Lauderdale, Florida, this 8th day of February, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

John H. Hickey, Esq. (P)
David Horr, Esq. (D)